BOLIN, Judge.
Leo C. O’Pry and his wife, Louise Taylor O’Pry, sued World Wide Health Studios, Inc., for damages for personal injuries to Mrs. O’Pry and expenses incurred by the marital community allegedly resulting when Mrs. O’Pry was thrown from an exercise machine located in defendant’s place of business at Shreveport, Louisiana. Defendant denied liability and alternatively alleged contributory negligence and assumption of risk on the part of Mrs. O’Pry. Without assigning written reasons, the lower court rendered judgment dismissing plaintiffs’ demands and they appeal. After the appeal was lodged in this court Mrs. O’Pry died of causes unrelated to the accident and her heirs, Patrick Michael O’Pry and Donna O’Pry Lynn, have been substituted as appellants and are prosecuting this appeal together with Mr. O’Pry.
Plaintiffs allege Mrs. O’Pry was a business invitee of defendant and that defendant breached its obligation to her in the following non-exclusive particulars:
“(a) In failing to maintain proper supervision and inspection of the premises and equipment used in the Club.
“(b) Failing to warn petitioner, Mrs. O’Pry, against the danger of using the said ‘roller machine’; and
“(c) Failing to correct an obviously dangerous situation on its premises.”
Defendant operated several health clubs in the vicinity of Shreveport and Mrs. O’Pry had joined one of these clubs on June 25, 1970. On her first visit to the club a female employee, who was an instructor and floor leader for defendant, showed Mrs. O’Pry the various exercise devices and explained to her how to operate them. One of the exercise machines, located near a plate glass wall, was called a “pony roller” and was powered by an electric motor. It consisted of small wooden rollers placed on rungs forming a rotating drum with the wooden rollers also rotating freely. The machine was about two feet high and was so constructed that a user could firmly grip the frame of the device with the hands and could sit upon, lean against or straddle it with her feet on the floor. The user could also lean against the moving drum with any portion of the body she desired to exercise or mechanically massage. The electric switch, with only one speed, was turned on by the person using the machine.
Mrs. O’Pry testified she was instructed how to use the pony roller and had used it without incident or mishap about three times a week from June 25, 1970 until the alleged accident on July 15, 1970. On that occasion, she said, after she had commenced using the machine it suddenly increased its speed and threw her backward into the plate glass wall, resulting in the injuries made the basis of this suit.
Testifying for defendant were Charles Burton, the manager, Mildred Naquin, an employee, and Betty Wells, a former employee. All of these witnesses testified the pony roller had been in use at defendant’s studio for several years prior to the accident; that it had been in use four months since the accident; was in use at the time of the trial; and that it had never required maintenance nor had there been any malfunction of the unit. These witnesses did testify that on several occasions other people using the machine had fallen from it, but no one had been injured. They stated if a person followed instructions there was no possibility of falling from the machine or being injured. Defendant also offered *321 evidence that at least one employee was always on duty at the studio in order to watch, supervise or aid any of its customers.
The liability of defendant, if any, is to be determined under Louisiana Civil Code Articles 2315 and 2316. For the purposes of determining the duty owed by the owner or occupier of premises our jurisprudence has grafted onto these articles the common law classifications of trespassers, licensees, and invitees.
It is not disputed that Mrs. O’Pry was an invitee on the premises of defendant’s health studio on the day of the accident. The duty owed by the person in charge of property to an invitee has been set forth in numerous cases. See Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967) and cases cited therein. While the jurisprudence appears to be settled, the language used in some of the cases tends to complicate the otherwise simple rule of law. Judge Hardy, speaking for this court in Mercer v. Tremont & G. Ry. Co., 19 So.2d 270 (La. App.2d Cir. 1944), said:
“ . . . As the owner and occupant of the premises the defendant company was obligated to furnish reasonable security and protection against the possibility of injury, to use reasonable care in maintaining its premises in a safe condition, to refrain from any act of negligence or carelessness whereby the premises might be rendered dangerous to one who might be thereupon as an invitee.”
We adopt the above statement as the rule of law applicable to this case.
From our careful review of the record before us we make the following findings:
(1) The exercise machine being utilized by Mrs. O’Pry at the time of the accident was not dangerous if she had followed the previous instructions given to her by an employee of defendant.
(2) Defendant maintained proper supervision and inspection of the premises and equipment used in its health club where Mrs. O’Pry was injured.
(3)There was no proof that an “obviously dangerous situation” existed on defendant’s premises.
We conclude plaintiffs have failed to prove by a preponderance of the evidence that defendant breached any duty owed to Mrs. O’Pry under Louisiana Civil Code Articles 2315 and 2316 and the jurisprudence thereunder.
The judgment rejecting all demands of plaintiffs-appellants is affirmed at appellants’ cost.