323 So.2d 819 (1975)
Murray E. GATTI, Sr., Plaintiff-Appellant,
v.
WORLD WIDE HEALTH STUDIOS OF LAKE CHARLES, INC. and Western World Insurance Company, Defendants-Appellees.
No. 12761.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
*820 Hal v. Lyons and Glen H. Smith by Glen H. Smith, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendants-appellees.
Before PRICE, HALL and HEARD, JJ.
HALL, Judge.
Plaintiff, Murray E. Gatti, Sr., sued defendants, World Wide Health Studios of Lake Charles, Inc. and Western World Insurance Company, for damages for personal injuries, medical expenses and loss of income allegedly due to a fall he experienced in World Wide's steam room.
Plaintiff alleged that after sitting on the top step of the steam room for a few minutes he attempted to get up whereupon his feet slipped out from under him causing him to fall down all three steps. It was alleged the fall was caused by someone using the steam room with lotion on their person leaving the steps greasy and slippery. Plaintiff alleged the accident was caused solely by the negligence of World Wide in the following nonexclusive particulars:
(1) In not keeping the steps in the steam room free of any lotions or greasy creams that would cause the steps to be slippery.
(2) In not putting tape on the steps in order to protect patrons from slipping on the steps.

*821 (3) In not placing adequate signs on the steps in the steam room warning patrons that the steps are slippery.
(4) In not placing hand rails on the steps to aid patrons from slipping on the steps.
(5) Failing to maintain and inspect the steam room before use by patrons to ascertain that it is safe for their use.
(6) Failing to maintain the steam room in a safe operating condition.
It was alleged that the fall resulted in severe, disabling injuries to plaintiff's back.
Defendants denied plaintiff was involved in a disabling accident on its premises, denied actionable negligence on the part of World Wide, and alternatively, pled plaintiff's assumption of risk and contributory negligence in bar of recovery.
In written reasons for judgment, the district court found plaintiff did, in fact, fall in the steam room and that the fall resulted in injuries to plaintiff's back. The court found, however, that plaintiff failed to prove the fall was caused by an extraneous substance on the steps and failed to establish actionable negligence on the part of World Wide. Judgment was rendered rejecting plaintiff's demands from which judgment plaintiff appealed. We affirm the judgment of the district court.
The steam room at defendant's health spa on Mackey Lane in Shreveport is a room approximately 12 × 9 feet with three levels or large steps. The surface of the three levels is covered with one inch ceramic tile squares. The supervisor of defendant's health clubs described the surface as "semi-rough." Plaintiff testified the tile blocks were not rough themselves. The steam room was used by some 200 customers each day or about 1,000 each week. The club was open to men three afternoons a week and on those days was used by women in the morning and men in the afternoon. The accident happened in the afternoon of March 16, 1973.
The steam room was cleaned up and scrubbed every morning by a maid and then inspected by the manager. The surface of the tile necessarily became wet during the course of the day and the surface was necessarily somewhat slippery from the wetness and also from natural body oils of persons using the room and from lotions and oils sometimes used by patrons of the steam room. Although the defendant discouraged the use of lotions and oils by patrons there were no specific instructions or signs prohibiting their use. There was a sign posted near the steam room requiring the use of footwear in the steam room. The supervisor testified that four or five people slipped and fell in the steam room each year just as four or five people also slipped and fell in other wet areas such as the shower room and swimming pool.
Plaintiff, 59 years of age and a businessman, was a lifetime member of the health studio. For a period of approximately four years prior to the accident he regularly used the facilities three afternoons each week. He limited his use to the less strenuous activities such as steam room, sauna bath and swimming. Plaintiff testified he was familiar with the fact that the surface of the steam room was slippery and that persons sometimes used oils and lotions while in the room. Plaintiff was aware of the sign requiring the use of footwear and always exercised caution in moving about the room.
Plaintiff was alone in the steam room at the time the accident happened. He had come into the room barefooted and carefully climbed to the top or third level where he lay down for about five minutes. He straightened up with his hands on the top level on which he was then sitting and his feet on the next lower level. His hands and feet suddenly slipped out from under him causing him to fall or "bounce" *822 down the next two levels to the floor of the room. Another customer, who could not be located at the time of trial, came into the room and assisted him in getting up and out of the room. Plaintiff hurt his left leg but, after moving about, did not think it was serious and continued to pursue activities at the health club that day. Plaintiff testified he did not notice any oil or extraneous substance on the steps of the steam room and did not know why he slipped.
During the weeks following the accident, plaintiff continued to experience pain and numbness in his leg and saw his family doctor, two orthopedic specialists and a chiropractor. One of the orthopedic specialists ultimately determined plaintiff had a badly degenerated spine with bulging discs at each level and with evidence of both old and new compression fractures of several vertebrae. At the time of trial, plaintiff was wearing a back brace which he would probably have to wear the rest of his life and it was probable that he would at some future time have to undergo disc surgery. The trial court found that plaintiff's accident contributed to or aggravated his back condition. In view of our affirmance of the trial court's decision that defendant was not negligent and is not liable, it is unnecessary for this court to review the issue of causation and the extent the accident contributed to plaintiff's proven disability.
In an action for damages under LSA-C.C. Articles 2315 and 2316, the plaintiff has the burden of proving fault or negligence on the part of the defendant. The plaintiff must prove defendant's conduct was substandard and that defendant violated some duty owed to plaintiff.
A health club operator is not the insurer of the safety of the patrons of the club. Patrons of a health club are invitees to whom the club owes the duty of keeping the premises in a condition that is safe for use in a manner consistent with usual operations of the club. The club owner must make a reasonable inspection of the premises to discover defects or hidden dangers observable by reasonable inspection. Duncan v. World Wide Health Studios, Inc., 232 So.2d 835 (La.App. 2d Cir. 1970); O'Pry v. World Wide Health Studios, Inc., 268 So.2d 319 (La.App. 2d Cir. 1972); 27 La.L.Rev. 796 (1967).
In this case, plaintiff failed to prove, as he alleged, that there was any foreign or extraneous substance on the surface of the steam room which caused him to slip and fall. His testimony was that he did not observe any such substance and that when he entered the steam room it did not seem to be any more slippery than usual. Likewise, plaintiff failed to establish any lack of proper maintenance or inspection on the part of defendant. The steam room was scrubbed each morning and then inspected by the manager before the business was opened to customers.
Plaintiff likewise failed to establish that the surface of the steam room was unusually slippery or dangerous or that the facility was unsafe for customers using ordinary care. The occurrence of the accident, by itself, does not establish that fact. The one inch ceramic tiles formed a semi-rough surface. A steam room, necessarily and to plaintiff's knowledge, is going to be wet and slippery to some extent. A person using such a facility assumes the obvious, normal and ordinary risks attendant thereto. Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La.App. 4th Cir. 1966). It may be that the room would have been safer if defendant had provided adhesive strips, handrails, or other safety devices, but it is not shown that such devices are normally or customarily employed in steam rooms. Nor was it shown that the use of such devices would have prevented this accident. The failure of defendant to provide these items was not demonstrated to be substandard or *823 to be a cause-in-fact of the accident. Defendant did not breach any duty owed to plaintiff.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.