BOUTALL, Judge.
Plaintiff, Mrs. Marietta Payne, sues for damages caused by an injury received in defendant Woolworth’s store. The trial court rendered judgment in favor of defendants and plaintiff has appealed.
The facts show that Mrs. Payne entered Woolworth’s to eat lunch and buy some face powder. The lunch counter and the cosmetic counter are side by side, separated by an aisle. After eating lunch Mrs. Payne purchased the face powder and was leaving the store when she slipped on a jelly-like substance and fell. There is some controversy as to exactly what the substance was. Mrs. Payne did not know what it was but described it as a clear sticky liquid. Mr. Brumley, Woolworth’s associate manager, was close by when the fall occurred and he described the substance as raspberry jelly from the inside of a j elly doughnut.
Mrs. Payne ruptured a spinal disc in the fall and surgery was required to correct the defect. She suffers pain today from this fall and a later one which also required an operation. After the first operation Dr. LoCoco, her physician and surgeon, estimated her permanent disability to be 15%.
Mrs. Payne has proven that there was a foreign substance in the store aisle. This substance caused Mrs. Payne to slip and fall. She did not see the substance and does not know exactly what it was or where it came from.
The recent case of Gonzales v. Winn-Dixie Louisiana, Inc., decided January 19, 1976, La., 326 So.2d 486 has held that when a plaintiff can show facts similar to those shown by Mrs. Payne then the burden of going forward with the evidence shifts to the store to exculpate itself.
“Upon proof of such facts, we recently held in Kavlich v. Kramer, supra, [La., 315 So.2d 282] that the duty of going forward with the evidence to exculpate the store employees from negligence shifts to the store owner. When it appears that a third person dropped the foreign substance, the store owner must establish that periodic inspections made and other protective measures taken were reasonable.”
In the present case the store employees’ negligence is not at issue, since the most plausible explanation for the substance being on the floor was that it was dropped there by a customer attempting to place trash in a nearby trash can. Therefore, the issue becomes the reasonableness of the protective measures utilized by the store.
In Gonzales v. Winn-Dixie Louisiana, Inc., supra, the Supreme Court set out some of the guidelines for judging the reasonableness of a store’s inspection procedures :
“The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, and the volume of business.”
*649 The facts show that Woolworth’s is a high volume, general merchandise store. It contains a large lunch counter (173 stools) and serves lunch to many people every day. Parallel to the “sitdown” lunch counter is a “stand-up” counter and parallel to that is the cosmetic counter. The area where this accident occurred, in the aisle between the cosmetic and stand-up lunch counters, is heavily trafficked by customers since it is close to a main door.
These facts tend to place a heavy burden upon Woolworth’s to show that it took reasonable protective measures commensurate with the circumstances. We find that Woolworth’s has discharged that duty.
The evidence presented by Woolworth’s shows the following: The floors of the entire store are scrubbed and mopped each night. The store opens at 9:30 A.M. and this accident occurred at approximately 1:00 P.M. The entire store is patrolled by two store porters whose job it is to clean the floors. These porters make an entire round of the store once each hour. All store employees are trained by film and instruction in safety procedures. They are told to pick up any foreign substance on the floor or if they are unable to pick it up, they are told to guard the area and summon a porter. Two employees were servicing the cosmetic counter the day of the accident. In the food service area there are two additional porters assigned. While these porters have several duties, one of their prime concerns is the floor in that area. These porters sweep up the floors and clean up debris every half hour. The food service manager, Mr. Hayden, testified that from 10:00 A.M. to 3:00 P. M. he is on duty in the food service area. As manager he walks throughout his area seeing to it that customers are served promptly, answering questions of his employees and inspecting the cleanliness of the area. He stated that he picks up any object that might fall on the floor, such as napkins or utensils. If the object cannot be readily picked up by hand, such as food or beverage, he summons one of his porters and they clean it up. Mr. Hayden testified that he passes along the aisle where the accident occurred on an average of at least once every ten minutes.
These facts evidence reasonable protective measures under the circumstances. The particular spot where Mrs. Payne fell is heavily inspected. The store porter, food area porters and cosmetic counter sales ladies all have responsibility for this spot. Finally, Mr. Hayden patrols the area on a very frequent basis. The evidence shows that these employees were present that day and carrying out their normal duties.
The Gonzales case reiterated the rule that a store owner is not the insurer of its patrons’ safety. We find no evidence of fault on the part of defendants.
For the above reasons we affirm the judgment of the trial court. Appellant is assessed costs.

Affirmed.