330 So.2d 619 (1976)
Effie CALECAS
v.
The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., and Aetna Casualty and Surety Company.
No. 7379.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Frank E. Beeson, III, New Orleans, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Effie Calecas, was awarded a $15,049.13 judgment against The Great Atlantic and Pacific Tea Company, Inc. (A & P), and its liability insurer, Aetna Casualty and Surety Company, for injuries she sustained in a slip-and-fall accident in defendant supermarket on Saturday, December 23, 1972. Defendants have appealed.
The record reveals that plaintiff, accompanied by her neighbor Mrs. Campo (now deceased), entered the A & P in the Robert E. Lee Shopping Center in the City of New Orleans to purchase a few items. The ladies shared one shopping basket and proceeded down the aisle where fruit and produce are displayed. Mrs. Campo walked ahead while Mrs. Calecas selected a green pepper. Plaintiff rejoined her neighbor in the rear of the store at the end of the produce aisle where they met other acquaintances and talked for a few minutes. *620 During the course of this conversation plaintiff noticed a bad spot on her pepper and started back toward the produce section to exchange it. The store was very crowded that Saturday afternoon before Christmas, and plaintiff stated she was "working her way through people" toward the pepper bin when the accident occurred. As she looked for the pepper section and threaded her way through the shoppers, at a point 10 feet from her destination in the center of the aisle, she stepped on one or several bunches of shallots on the floor, causing her to slip and fall. From her testimony it is obvious why she did not see the shallots as she approached them. It is equally apparent that the first time she walked along the produce counters she did not see the shallots located in the center of the aisle because she was facing away from them and her attention was directed toward the displayed merchandise.
How long the shallots had been on the floor or who dropped them there is not established. Mrs. Ida Roberts testified she saw them at least 20 to 40 minutes before the accident in a mashed condition. She observed them because another shopper's car collided with hers right at the point where the shallots lay on the floor, and she stopped momentarily to accept the lady's apology. Mrs. Roberts had almost completed her shopping but returned to the produce aisle to pick up mayonnaise which she had forgotten. She arrived just as the plaintiff was being lifted from the floor after her fall.
Defendants suggest Mrs. Roberts lacks credibility because, in addition to being a friend and former neighbor of plaintiff, she lived in Kenner, Louisiana, many miles from this particular store when the accident occurred. The inference is it is highly unlikely Mrs. Roberts would be shopping in that area. When questioned on this point, she testified that she had been in the neighborhood visiting friends and decided to stop at this A & P on her way home.
The trial judge, in written reasons, stated his conclusion on credibility was favorable to the plaintiff and there is nothing in the record to indicate otherwise. Thus we conclude plaintiff proved she slipped on a foreign substance while shopping in defendant's store; that the shallots were not dropped by the plaintiff; that they had been on the floor at least 20 minutes and probably longer; and that plaintiff's failure to see them under the crowded conditions existing in the store on that Saturday before Christmas did not constitute negligence or contributory negligence.
At this point it is appropriate to discuss burden of proof. In slip-and-fall cases the burden of proof in onerous and, as a general observation, the litigant upon whom the burden ultimately rests, loses. The evidentiary problem in these cases was analyzed in Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976). The Court held that once the plaintiff proves he or she slipped on a foreign substance in a store that was not there due to his or her fault, then the store owner must assume the burden of exculpating itself from negligence. We quote from this clear and concise opinion:
"The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. Kavlich v. Kramer, La., 315 So.2d 282 (1975); Tripkovich v. Winn-Dixie of Louisiana, Inc., La.App., 284 So.2d 80 (1973); Fontanille v. Winn-Dixie Louisiana, Inc., La.App. 260 So.2d 71 (1972), cert. denied, 261 La. 1064, 262 So.2d 44 (1972); Prosser, Law of Torts, § 61, pp. 392-393 (4th ed. 1971). The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer *621 service, the nature of customer service, and the volume of business. As we recently noted the self-service grocery system requires customers to focus their attention on the shelves and to handle merchandise. The system increases the risk of harm from objects dropped on the floor by customers and, correspondingly, the duty to minimize the risk by frequent inspections and cleanups. See Kavlich v. Kramer, supra; Prosser, Law of Torts, § 56 p. 349 (4th ed. 1971).
"In the instant case, plaintiffs established that there was a spill of olive oil about two feet in diameter in the aisle where Mrs. Gonzales was shopping; that the oil came from a broken bottle near the olive oil shelf; that she did not see the oil spill; that she stepped into the olive oil; and that it caused her to slip, fall, and be injured.
"Upon proof of such facts, we recently held in Kavlich v. Kramer, supra, that the duty of going forward with the evidence to exculpate the store employees from negligence shifts to the store owner. When it appears that a third person dropped the foreign substance, the store owner must establish that periodic inspections made and other protective measures taken were reasonable. Implicit in the decision is a recognition that, in the self-service system, customers are prone to drop objects on the floor and that a customer who slips and falls on such an object is usually in no position to establish how long it has been on the floor." 326 So.2d at 488.
In the light of this reasoning, we turn to the evidence presented by defendants. They established the floor is mopped and buffed by a night crew after the store has closed; the produce section is stocked in the morning, swept and wet spots mopped, if any, so that the area is clean when the doors open for business at 8 a. m.; there is a manager and an assistant in the produce department, however, there is no regular schedule for inspecting and/or cleaning the floor during the daytime business hours; the employees are all instructed to watch for objects on the floor, to pick them up and to clean the area immediately; the store manager, A. L. Crochet, as a general rule, patrols the store every hour in addition to his other responsibilities of managing the supermarket operations.
The testimony of Crochet and James Kelly, produce manager, failed to establish what maintenance and cleaning was done on the day of the accident or whether Crochet was able to make his routine inspection on that specific busy day. Kelly's testimony indicates he was informed of the plaintiff's fall on the date it happened, but Crochet said he knew nothing until plaintiff called him a week later to ask about medical treatment which conflicts with Mrs. Calecas' testimony that she reported her fall to him on the day it occurred before leaving the premises. The assistant produce manager, Lucien Lidet, was aware of the accident and apparently assisted plaintiff and had something to do with cleanup immediately after. Yet he was not called to testify and his absence was not explained, although he seemed to have more specific information than either Crochet or Kelly.
Defendant has failed to establish that it met the duty to protect its customers from the hazard of foreign matter on the floor of its self-service store by maintaining a reasonable and adequate inspection and cleaning program commensurate with the existing conditions and circumstances. The only significant evidence offered by defendants was that the floor was clean when the store opened. On an unusually hectic and busy day, such as the Saturday before Christmas, it would seem the store owner would be required to exercise a greater degree of care in keeping the aisles in a safe condition. Further, their failure to call Lidet to testify or to explain this omission creates a presumption *622 his testimony would be adverse.[1] Accordingly we affirm on liability on a finding defendants failed to carry the burden of exculpating themselves from negligence by proving they had an adequate cleaning and maintenance program in effect that day.
We next consider and dismiss appellants' complaint the quantum is excessive. The trial court awarded $14,000 general damages and $1,049.13 in specials. We note plaintiff sought medical help from defendant insurer as soon as it became apparent the initial pain from the fall did not subside. She was told by the adjuster that it would be a day or two before he could arrange an appointment for her and that if she required immediate attention to consult her family doctor. This she did by contacting Dr. Arthur Bohmfalk on the same day.
Dr. Bohmfalk diagnosed her condition as a severe "sprain and strain of the lower back and thigh (left) as well as a contusion of left buttocks & strain of anterior chest muscles." His prognosis two years after the accident included this observation, "I am afraid this leg pain will keep recurring."
Dr. R. F. Kitziger, an orthopedist, treated her between February 1973 and February 1974 for the major problem of a "chronic trochanteric bursitis * * * probably troublesome but not markedly disabling." When he discharged her in 1974, he indicated he was hopeful the symptoms would gradually abate.
Mrs. Calecas had no back or muscle problems prior to the slip-and-fall incident. Considering the duration of pain, we think the award is reasonable.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring).
Direct testimony, found credible by the trial court, established that the shallots were on the floor of the busy produce section for about 40 minutes. This evidence alone established the storekeeper was negligent in failing to discover and correct the hazardous condition which existed that long. It is therefore unnecessary in this case to weigh and analyze the adequacy of inspection procedures and other circumstantial evidence introduced to establish how long the hazardous condition existed.
NOTES
[1] Horton v. Seligman and Latz, Inc., 260 So.2d 731 (La.App. 4th Cir. 1972).