COVINGTON, Judge.
This matter involves a claim for damages for personal injuries, medical expenses and loss of wages sustained by Urie F. Bueche which he asserts were incurred as a result of the negligence of Alvin Roy’s, Inc. (Roy), in maintaining dangerously slippery steps and floor in its sauna and steam bath known as Alvin Roy’s Nautilus and Aerobic Center. Suit was filed against Roy and its insurer, Western World Insurance Company, Inc.
Plaintiff alleged that in order to enter the steam bath area he had to go up a set of steps, and that when he was coming back down the steps, which were wet, he slipped because of the accumulated moisture, resulting in injuries to his left elbow and right foot.
Defendants answered and denied the allegations of negligence, asserting that the proximate cause of the accident was the negligence of the plaintiff. Alternatively, defendants alleged contributory negligence and assumption of the risk in bar of recovery.
Following a trial on the merits, judgment was rendered in favor of the defendants, and from that judgment the plaintiff has appealed.
In his oral reasons for judgment, the trial judge found that the plaintiff did, in fact, fall and that it resulted in injuries to him. However, the district court found that the plaintiff failed to prove that there were any foreign or extraneous substances on the floor or the steps which caused him to slip and fall, and that the plaintiff also failed to establish any lack of adequate maintenance or inspection of the premises by the defendant, Roy, or its employees. The trial judge remarked:
“According to the plaintiff’s own testimony, he visited the club usually a minimum of twice a week or a total of some one hundred times during the course of a year. He failed to show that on September 30, 1974, that the steps that he’s alleged to have fallen on were unusually slippery or dangerous or that the facility was unsafe for customers using ordinary care.”[1]
All of the witnesses testified that the steps were wet all of the time due to the *733 patrons going to and from the steam room. The plaintiff admittedly was well aware of the wet condition of the steps. He testified:
“Q. . . . (W)ere you acquainted with the condition of those steps in that area?
A. I know that they, they were wet all the time. People dripping up and down, climbing from this thing to this thing with their perspiration and everything that causes a tremendous amount of moisture here. When they are going back to this thing, this tile, this old steam room, to pick up whatever they got, towels, or whatever they got.
Q. In other words, what you’re saying, moisture accumulates on the tile between the steam room steps and on the steps?
A. Yes, sir, by people constantly coming and dripping sweat, plus the accumulated steam in the whole area.”
The evidence establishes that the step area in question was inspected and washed down, approximately six to eight times a day, with a cleaning solution which was used to prevent the accumulation of soap residue or grease on the surface areas. Henry Stokes, the cleaning man, testified that he personally cleaned the steps on the day of the accident before the plaintiff arrived at the club.
We find the decision of the trial court in the instant case consistent with cases relied upon by the appellant. See Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Molaison v. West Brothers of Thibodaux, 338 So.2d 726 (La. App. 1 Cir. 1976); Rosensweig v. Travelers Insurance Company, 333 So.2d 334 (La.App. 4 Cir. 1976); Calecas v. Great Atlantic and Pacific Tea Co., Inc., 330 So.2d 619 (La.App. 4 Cir. 1976). The rationale of the cited cases is that the plaintiff has the burden of establishing by a preponderance of the evidence a prima facie case of negligence on the part of the defendant, after which the burden is on the defendant to go forward with the evidence to rebut the inference of negligence. The duty of a proprietor of a business establishment toward those who use his premises is to exercise reasonable care to keep his floors, aisles, passageways and travel-areas in a reasonably safe condition. This duty necessarily includes the taking of reasonable protective measures to keep the travel-areas clear of foreign substances which might give rise to a slip and fall. Kavlich v. Kramer, 315 So.2d 282 (La. 1975).
Where a customer claims to have sustained an injury due to a foreign substance on the floor or in the travel-area, he has the first burden, i. e., that of establishing the presence of the foreign substance on the surface upon which he walked; then the burden shifts to the proprietor to establish that he took reasonable protective measures in order to exculpate himself from .negligence. In Gonzales, supra, the customer established an oil spill in the aisle where Mrs. Gonzales was shopping for groceries. It was then incumbent on Winn-Dixie to show that its protective measures were reasonable under the circumstances. The court stated:
“In the present case, the defendants’ evidence was minimal. The defendants offered no evidence to show that an employee did not drop the oil. Because he was not on duty at the time of the fall, the afternoon manager testified only as to general managerial procedures. He was unable to testify that the morning inspection had actually been conducted. His own inspection, as we have noted, had not yet been made at the time of the plaintiff’s fall. Neither the morning manager nor other employees were called to establish the protective measures actually taken during the morning.”
The court then concluded that the fall would not have occurred if the olive oil had been removed; and, that if adequate inspections had been made by the proprietor, he would have discovered the oil spill and removed it; thus, the proprietor had failed to exculpate itself.
*734 In Calecas, supra, Mrs. Calecas established that she stepped on one or several bunches of shallots in the aisle as she walked along the produce counters. A & P failed to establish that it maintained an adequate inspection and cleaning program commensurate with the circumstances. The only evidence offered by the proprietor was that the floor was clean when the store opened at 8:00 a. m., and the accident occurred in the afternoon. The assistant produce manager who assisted the customer when she fell was not called as a witness. The produce manager was unable to testify as to what inspecting or cleaning was done before the accident. A & P offered evidence showing that the floor was mopped and buffed by the night crew after closing-hours, the produce section was stocked in the morning and the floor swept and cleaned by the time the store opened, there was no regularly scheduled inspecting or cleaning during daytime business hours, the store manager patrolled the store hourly as his other duties permitted, and all employees had instructions to pick up foreign objects from the floor and to clean the area if necessary. The court concluded that the defendant had failed to exculpate itself from negligence.
When the instant case is viewed in light of the foregoing jurisprudence, we find that the plaintiff has failed to establish a prima facie case of negligence on the part of the defendant, Roy. The trial court found as a fact, and the evidence amply supports his finding, that moisture on the steps adjacent to the steam room was not a foreign substance; “wet” was the normal condition of the steps during business hours. Steps in such close proximity to the steam room are going to be wet and slippery to some extent. The occurrence of the accident, by itself, does not establish that they were unusually slippery or unsafe for customers using ordinary care. There is no presumption of fault of the proprietor from the mere fact of injury to a customer.
The facts of Gatti v. World Wide Health Studios, 323 So.2d 819 (La.App. 2 Cir. 1975), are similar to those in the instant case. In both cases the injured person was a longtime member of the club; the injured person was familiar with the wetness of the steps; the injured person slipped and fell down some steps in or near the steam room; there was no proof of a foreign substance causing the slip and fall; there was evidence of proper inspection and maintenance; there were no special safety devices or adhesive strips used on the premises.
In Gatti the court said:
“Plaintiff likewise failed to establish that the surface of the steam room was unusually slippery or dangerous or that the facility was unsafe for customers using ordinary care. The occurrence of the accident, by itself, does not establish that fact. The one inch ceramic tiles formed a semi-rough surface. A steam room, necessarily and to plaintiff’s knowledge, is going to be wet and slippery to some extent. A person using such a facility assumes the obvious, normal and ordinary risks attendant thereto. Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La.App. 4th Cir. 1966). It may be that the room would have been safer if defendant had provided adhesive strips, handrails, or other safety devices, but it is not shown that such devices are normally or customarily employed in steam rooms. Nor was it shown that the use of such devices would have prevented this accident. The failure of defendant to provide these items was not demonstrated to be substandard or to be a cause-in-fact of the accident. Defendant did not breach any duty owed to plaintiff.”[2]
For the reasons discussed above, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Parenthetically, not only was the plaintiff a long-time member and a frequent, regular user of its facilities prior to the accident; the testimony on trial, over two years after this mishap, showed that he was a habitue at that time.

. In the instant case, there was a hand-rail provided, but the plaintiff did not use it.