GULOTTA, Judge.
Defendant appeals from a judgment in a slip-and-fall case.
While shopping in the dairy food section of defendant’s Gentilly Store at approximately 4:50 p. m. on a Saturday afternoon, plaintiff slipped and fell on three or four broken eggs located on the floor approximately one foot from a rack containing egg cartons.
It is defendant’s contention, on appeal, that the trial judge erroneously concluded that Schwegmann had not exculpated itself from negligence. According to defendant, the evidence established that the inspection procedure used by Schwegmann was adequate and reasonable, that 20 minutes prior to the accident the area where the fall occurred had been swept by a store employee and that 10 minutes before the incident a security guard had walked through the area looking for debris and spillage on the floor and had not seen any. Under the circumstances, defendant claims the burden of proof required to exculpate itself from negligence has been successfully carried.[1]
*1078 In rejecting defendant’s contention on burden of proof, however, the trial judge placed little weight on the testimony of the security guard who stated that he had traversed the area within 10 minutes of the accident and would have seen the broken eggs had they been there. In oral reasons for judgment, the trial judge further observed that the accident occurred at the busiest time on a Saturday afternoon, a busy day; that one of four porterettes who had the primary responsibility of inspecting, sweeping and cleaning up debris and spillage was absent on this busy day; and, finally, that at least 30 minutes could have elapsed, and perhaps longer, between inspections or sweep-ups in a heavily-trafficked, high-spillage area.
The evidence supports the trial court’s conclusions. The area assigned to the por-terette for inspection and sweeping, where the accident occurred, approximated the size of a football field and included, across the back of the store, the seafood, meat and dairy sections. On the day of the accident, because of the absence of one of four por-terettes, this employee had the additional responsibility of inspecting and sweeping the check-out area, located in the front of the store. The porterette testified that she had inspected the area at 4:00 p. m., had commenced sweeping at approximately 4:05 or 4:10 p. m. and had completed the sweeping procedure at 4:30 p. m. The accident occurred at 4:50 p. m. A log introduced into evidence supported the fact that an inspection had been made at 4:00 p. m. and a sweeping had been completed at 4:30 p. m. Though the porterette testified that the entire area had required approximately 20 minutes to clean, she could not remember in which section she had begun sweeping. Because of the large size of the area assigned to the porterette for sweeping and because of her testimony that she did not remember at which part of the area she had commenced cleaning, we cannot say the trial court erred in its conclusion that 30 minutes or longer could have elapsed between the inspection and the accident.
Defendant offered evidence to show that the physical appearance of the broken eggs supports a conclusion that they had not been on the floor for any extended period of time when the accident occurred. The assistant store manager and the porterette who saw the eggs soon after plaintiff slipped were of the opinion that the eggs were freshly broken because they were not covered with a film and no scraping was required to remove them from the floor. This self-serving testimony apparently was not convincing to the trial judge. Our consideration of this testimony does not compel a different conclusion from the result reached below.
The testimony of the security officer on which the court placed little reliance was that he had walked through the dairy section approximately 10 minutes before the incident and had not observed any broken eggs. The witness indicated that at approximately 4:40 p. m., in response to a call asking him to report to the customer service desk at the front of the store, he had walked from the warehouse area, located at the rear of the store, and had traversed the area where the accident occurred. He stated that in the course of walking he was performing a primary job responsibility of observing the floor for spillage and debris, in addition to his duty of detecting shoplifting. According to this witness, had the eggs been located on the floor at that time, he would have seen them. Significantly, however, as recognized by the trial judge, the security officer stated that the call from the front desk could have been necessitated by fighting, shoplifting or any other occurrence. Under the circumstances, we are not impressed with this witness’s testimony that he was primarily concerned with looking for spillage or debris while moving from the rear of the store to the front in answer to the call, possibly emergency in nature, or that he would have seen the broken eggs located approximately one foot from the egg racks in a heavily trafficked section on a busy Saturday afternoon.
Other evidence that defendant had employed 35 porters who also had the responsibility of collecting debris and cleaning up generally (25 of whom were on duty at any *1079 given time and 15 of them worked in the parking area) and that 3 other security guards were on duty at the time of the accident added little, if anything, to support defendant’s claim of exculpation from negligence.
The evidence considered, we cannot say the trial judge erred in concluding that defendant failed to carry the burden of proof required to show adequate or reasonable inspection and in concluding further that defendant failed to exculpate itself from negligence. The judgment is affirmed.

AFFIRMED.

. See Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Calecas v. Great Atlantic and Pacific Tea Company, Inc., 330 So.2d 619 (La.App. 4th Cir. 1976); Payne v. F. W. Woolworth Company, 327 So.2d 647 (La.App. 4th Cir. 1976) for discussion of burden of proof in slip-and-fall cases.