385 So.2d 492 (1980)
Darrow PERKINS
v.
AMERICAN MACHINE & FOUNDARY CO.
No. 13259.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Rehearing Denied July 7, 1980.
*493 Michael W. McKay, Baton Rouge, for plaintiff-appellant, Darrow Perkins.
Henry Salassi, Jr., Baton Rouge, for defendant-appellee, AMF, Inc.
Richard Creed, Jr., Baton Rouge, for intervenor-appellee, U. S. Fidelity & Guaranty Co.
Before ELLIS, PONDER and LEAR, JJ.
ELLIS, Judge:
This is a suit for damages by Darrow Perkins against AMF, Incorporated, arising out of an industrial accident in which plaintiff's hand was severely injured. The case was tried before a jury, and, at the conclusion of the plaintiff's case, defendant moved for and was granted a directed verdict. From the judgment of dismissal rendered pursuant thereto, plaintiff has appealed.
Plaintiff was employed at Holsum Bakery in Baton Rouge, where his job was to monitor one of the production lines. Among the equipment in the line was a Pan-O-Mat machine, which was driven by a chain and sprocket drive system. A cover, affixed to the machine by four bolts, guarded the drive.
Shortly before the accident, plaintiff took a break and was relieved at his station by Hezekiah Brown, Jr. Brown noticed that the cover over the drive seemed warm, and called a maintenance man to check it. He came and removed the cover and found that the drive was in need of lubrication. The cover was left on the floor while the maintenance man went to get the needed equipment. The production line and the Pan-O-Mat machine continued to function, and were not shut down. When plaintiff returned from his break, he was not warned that the cover had been removed, and shortly thereafter, his hand was caught in the exposed chain and sprocket drive and injured.
The Pan-O-Mat machine in question was designed and built by defendant AMF, Incorporated. In his petition, plaintiff alleges as follows:
"Petitioner's injury was solely caused by the legal fault of defendant in defectively designing and manufacturing the machine listed above; specifically including but not limited to failing to provide an adequate guard to protect against the hazard of the exposed chain and sprocket and/or failing to provide adequate warnings of the danger."
The Pan-O-Mat in this case was manufactured and sold in 1962. The chain and sprocket drive is normally lubricated when the machine is shut down, and not when it is in operation. No witness in the case could recall a time when the cover had been removed from the drive while the machine was in operation.
Plaintiff's expert witness testified that there were numerous ways in which the installation of the cover could have been done in order to make the machine safer. These included the installation of an interlock device so that the machine could not operate while the cover was off; hinging the cover so that it would be more readily replaceable over the drive; painting the cover a different color, so as to indicate the existence of a hazard; and putting a written warning on the guard. The expert testified that the machine, as designed, was unreasonably dangerous to "normal use," because none of the above devices or techniques were incorporated into the machine. However, he also testified that the design of the machine violated no specific government regulations or industry standards; and that, as he understood the facts of this case, the cover was not removed during "normal use."
The trial judge ruled as follows:
"Considering the motion for a directed verdict, the court feels that in a case of this kind there are two possible standards which would apply to the defendant's conduct. One of those standards would apply in the event that a defect as defined in law were to be proven. And that standard would be one of strict liability. However, in the event that a defect is not proven, the standard to apply would be that of negligence." *494 In this case, the court finds that a defect as defined by law has not been proven. Further, that there is no evidence from which the jury could reasonably find a defect. There is no evidence that the machine in question was dangerous while in its normal use. The only evidence regarding its normal use is that the plaintiff himself, in the years that he worked at the plant and the years that he worked operating this machine never saw it operating with the guard off. Even plaintiff's expert witness could not testify as to what the normal use and maintenance of the machine was. The court having found that there is no evidence from which the jury could conclude that a defect existed, the court turns to a consideration of the standard of negligence. In this regard, there is simply no evidence from which the jury could possibly find negligence on the part of the defendant and the manufacturer of this piece of equipment. We will comment that there is considerable evidence that the accident, as regrettable and as painful as it was, was caused by the negligence of co-workers, co-employees of the plaintiff, by their leaving the guard off, and I choose not to make any comment on the question of contributory negligence since it's not necessary. For these reasons, the court sustains the motion for a directed verdict in favor of the defendant."
In Weber v. Fidelity & Casualty Insurance Co. of N. Y., 259 La. 599, 250 So.2d 754 (1971), the court said:
"A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i. e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect."
In Leathem v. Moore, 265 So.2d 270 (La. App. 1st Cir. 1972) we said:
"The foregoing rule requires the manufacturer to exercise reasonable care in the design of its products which are of such nature that, if not carefully made, can cause foreseeable injury to persons using the products for purposes which the manufacturer may reasonably expect they will be employed, and also to those whom the manufacturer may reasonably expect to be endangered by such probable use. Failure to exercise such care renders the manufacturer liable if injury results from lawful use of the product in a manner and for a purpose which the manufacturer may be deemed to reasonably expect. However, such liability does not extend to the whole world, nor does it involve all risks that might result in injury.
"By its very nature, the criteria of reasonable care, applicable in instances of this nature, must be flexible inasmuch as it depends on the peculiar facts and circumstances of each individual case. Even though a design may not be perfect or foolproof, it is still not defective provided reasonable care is taken in its adoption. On the other hand, neither custom nor usage in manufacturing style, nor prolonged marketing and use without significant injury producing accidents, can exonerate the manufacturer from liability for reasonably foreseeable injury resulting from use. These latter factors are merely part of the attending circumstances which must be weighed and considered in each case of this nature. We are of the further view that the duty of reasonable care, applicable to design, also obtains with respect to fabrication and manufacture of a product."
In this case, plaintiff is arguing that defendant's design was improper in that it failed to incorporate some or all of the devices and safeguards which might have made the machine safer; that defendant was required to anticipate that the cover might be removed, without warning, while the machine was in operation; and that the machine was therefore not safe in "normal use." *495 It has been shown that the machine could have been made safer, but that is not the sole criterion. It must further be shown that the manufacturer should reasonably anticipate that the cover would be removed for maintenance while the machine was in operation. There has been no such showing. If, for instance, normal maintenance would require lubrication of the gears, chains and sprockets behind the cover at extended intervals, which would be performed only when the machine was not in operation, then the manufacturer would not be required to anticipate that the cover would be removed during operation. If, on the other hand, lubrication was necessary at relatively short intervals, then it should reasonably be anticipated that the cover would be removed during operating periods. The only testimony on that point is that neither plaintiff nor Hezekiah Brown, Jr., both of whom were long time employees, had ever known the cover to be removed.
Article 1810 of the Code of Civil Procedure provides that a defendant in a jury trial may move for a directed verdict at the close of plaintiff's case, which may be granted, if justified, without the consent of the jury. The standard to be applied by the trial judge in considering the motion is expressed in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979):
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence not just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
The trial judge found that there was no evidence from which reasonable men could conclude that there was a defect in the design, or that there was negligence on the part of AMF. Our review of the record shows that plaintiff proved that the machine could have been designed more safely, and that plaintiff was injured when the cover was removed. He offered no evidence whatsoever as to the normal use or maintenance of the machine, or as to when or if the manufacturer might reasonably expect the removal of the cover from the drive.
We think that, under the circumstances, the trial judge applied the proper standard of adjudication and reached a proper conclusion.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.