400 So.2d 1159 (1981)
Melvin L. SANDERS
v.
Ronnie STUTES et al.
No. 14092.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant Melvin L. Sanders.
Dan Edward West, Baton Rouge, for defendants-appellees Ronnie Stutes, Hank *1160 Woodburn, d/b/a Putt-Putt Golf Course, and The Insurance Co. of North America.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
Plaintiff, Melvin L. Sanders, filed this action against defendants, Ronnie Stutes, Hank Woodburn (d/b/a Putt-Putt Golf Course), and Insurance Company of North America, their insurer, seeking recovery of monetary damages for the fracture of his toe allegedly resulting from a fall on the premises of the golf course. Plaintiff presented his evidence at trial before a jury, after which defendants moved for a directed verdict.
In his oral reasons for decision on that motion, the trial judge stated that plaintiff had presented no testimony in support of his allegations as to the negligence of defendants, nor any testimony as to any defect on the premises of the golf course. He concluded that reasonable and fair-minded people could do nothing other than render a verdict in favor of defendants. In explaining the standard for consideration of defendants' motion, the trial judge specifically referred to the case of Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979), and also noted that the credibility of the witnesses is not to be considered in ruling on a motion for directed verdict. The trial judge granted defendants' motion, and judgment was signed accordingly, dismissing plaintiff's action. Plaintiff has appealed. We affirm.
Plaintiff argues that the trial judge applied an incorrect standard in granting defendants' motion for directed verdict, and, further, that plaintiff offered sufficient evidence to warrant presentation of the case to the jury for a decision based upon the doctrines of negligence and of strict liability under Louisiana Civil Code Article 2317.
With regard to the issue of the standard by which the trial judge decided defendants' motion for directed verdict, we note that plaintiff cites in brief the same case (Campbell v. Mouton, supra) cited by the trial judge as setting forth the correct standard. In fact, plaintiff's only argument on this point is that the trial judge incorrectly applied the correct standard. Therefore, we turn to a review of the evidence to determine whether or not the trial judge erred in granting the motion for directed verdict.
In so doing, we use as our standard that set forth in our decision in Grimes v. Stander, 394 So.2d 1332 (La.App. 1st Cir. 1980), and in the Third Circuit's decision in Campbell v. Mouton, supra, both of which cited Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969), which standard we first adopted in Perkins v. American Machine & Foundry Co., 385 So.2d 492 (La.App. 1st Cir. 1980). The following language of Campbell, at 239, is appropriate.
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
The record, taken in the light most favorable to plaintiff, reveals the following circumstances surrounding the fall: On June 27, 1978, plaintiff, his children, and two friends wanted to play miniature golf. Since it had been raining, plaintiff's daughter telephoned Putt-Putt Golf Course to determine if it was open and found that it was.
While still daylight, they went to the golf course; and plaintiff purchased enough tickets for each of them to play three *1161 rounds of golf. The rain had stopped, although it may have drizzled somewhat while the group was playing golf.
The greens of the course are elevated from ground level. Two steps lead down from the green of the eighteenth hole to ground level. Both the green and steps are covered with carpet. They were wet, but there was no standing water on them.
Upon finishing the eighteenth hole of the first round, plaintiff proceeded to ground level, fell, and broke his toe. The fall occurred either on the green itself or on the top step leading to ground level. An inspection of the area by plaintiff's daughter revealed that the area was wet. Plaintiff himself stated that he did not know what caused him to fall.
Plaintiff argues that he presented sufficient evidence of defendants' negligence to preclude a directed verdict. He submits that defendants were negligent by breaching their duty to safeguard their patrons from dangers due to the conditions of the golf course. We disagree.
The duty of a proprietor of a business establishment toward his patrons is to exercise reasonable care to keep the premises in a reasonably safe condition, including the taking of reasonable protective measures to keep traveled-areas free of foreign substances. Kavlich v. Kramer, 315 So.2d 282 (La.1974); Bueche v. Alvin Roys, Inc., 348 So.2d 731 (La.App. 1st Cir. 1977). The proprietor is not the insurer of the safety of patrons. Gatti v. World Wide Health Studios, Etc., 323 So.2d 819 (La.App. 2d Cir. 1975); Lott v. Winn-Dixie Louisiana, Inc., 280 So.2d 659 (La.App. 4th Cir. 1973).
Putt-Putt Golf Course is an uncovered sporting area. When it rains, the premises get wet. There was no standing water on the green or steps to be cleared away by defendants. They were wet; but both the green and steps are covered with carpet. Mere moisture after a rain is not a foreign substance. There was no testimony that the area was unusually slick.
Plaintiff offered no evidence that defendants breached their duty to maintain the premises in a reasonably safe condition. Reasonable and fair-minded people could not but conclude that plaintiff's injury was not caused by the negligence of defendants.
Plaintiff also argues that the case should have been presented to the jury for a decision on the basis of strict liability under Civil Code Article 2317.
The Louisiana Supreme Court recently explained the doctrine of strict liability under that article in Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).
LSA-C.C. art. 2317 imposes liability on the custodian of a defective person or thing which creates an unreasonable risk of harm to others. According to Loescher [v. Parr, 324 So.2d 441 (La.1975)], the plaintiff must prove "the vice (i. e., unreasonable risk of injury to another) in the person or thing whose act causes the damage, and that the damage resulted from this vice." 324 So.2d 446-447.
The question before us is whether or not plaintiff offered sufficient proof of a defect (i. e., an unreasonable risk of injury) to warrant presentation of the case to the jury. In other words, viewing the evidence and inferences in the light most favorable to plaintiff, could reasonable and fair-minded people do other than conclude that no defect existed to cause plaintiff's fall?
The only condition of the green and steps claimed by plaintiff to render them defective is their wetness. No testimony was offered to the effect that the moisture caused the green or steps to be unusually slick. Both the green and steps are covered with carpet; they are not uncovered cement or tile. We do not believe that reasonable and fair-minded people could find that the wet condition of the green and steps constituted an unreasonable risk of injury to patrons of an outdoor golf course.
Having found that reasonable and fair-minded people could not but find that plaintiff's fall was due neither to defendants' negligence nor to a defect on the premises, we conclude that they could not do other than render a verdict in favor of defendants. Hence, the trial judge did not err in *1162 granting defendants' motion for directed verdict.
For the foregoing reasons, the judgment of the trial court, dismissing plaintiff's action, is affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.