402 So.2d 724 (1981)
Doretha P. KELLER
v.
SCHWEGMANN BROTHERS, INC.
No. 11531.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1981.
Rehearing Denied September 17, 1981.
*725 John S. Keller, New Orleans, for plaintiff-appellee.
Beard, Blue, Schmitt, Mathes, Koch & Williams, William G. Tabb, III, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against Schwegmann Brothers, Inc.[1] to recover $4,000 for injuries and medical expenses sustained on July 2, 1977 when plaintiff slipped and fell in one of the defendant's super markets. Defendant answered, denying liability, alleging its clean-up procedures were safe and reasonable under the existing circumstances, and affirmatively averring plaintiff's own negligence or contributory negligence was the actual cause of her injury.
After trial on the merits, judgment was rendered in favor of plaintiff in the amount of $2,058, representing $1,800 for pain and suffering and $258 for medical expenses. Defendant has appealed from that judgment.
On appeal, defendant does not dispute the amount of the trial judge's award to plaintiff. Its only specification of error is that the trial judge abused his discretion in holding for plaintiff because the record does not contain sufficient evidence upon which to base a finding of liability.
The record shows plaintiff shopped at defendant's store on July 2, 1977. While preparing to leave, she noticed a bottle of disinfectant was damp, and she proceeded to return it to its shelf in order to exchange it for an undamaged bottle. She left her shopping basket at the checkout counter, and while returning to the shelf she slipped and fell on her knee and elbow. Two customers assisted her to her feet, and she reported the fall to an employee named Robert Majors. She and Majors returned to the spot of the fall, at which time the area had been substantially mopped. However, Majors passed his finger over the spot, and a black substance appeared on his finger. He made no comment with regard to the identity of the substance.
In answers to interrogatories, defendant stated seven individuals were responsible for cleaning and maintaining the store. On the date of plaintiff's fall, Henry Sussman was a porter primarily responsible for these duties. Sussman's supervisor, Mario Rivera, also was identified in the interrogatories, but he was not called upon to testify by defendant with regard to defendant's procedures, and Majors, the individual *726 who actually visited the scene of the accident with plaintiff and discovered the unidentified substance, likewise did not appear. The failure of these witnesses to appear and testify was not explained by defendant, and their absence creates a presumption their testimony would be adverse to defendant.[2]
The only evidence produced by defendant was the deposition of Henry Sussman, taken for perpetuation purposes. In his deposition this witness was somewhat hostile, although he attempted to establish adequate cleanup procedures. He identified a cleanup log completed by him and stated it was accurately kept. He also testified he was called to the site of plaintiff's fall as he was about to leave for lunch, and he, his supervisor, a security guard, and plaintiff talked there for approximately four minutes after the accident. Nevertheless, the log reveals Sussman was performing other duties in other areas of the store at the time of plaintiff's fall. Upon being pressed Sussman admitted his supervisor, Mario Rivera, told him he could make the entries in the log as he did, even though they were not accurate.
Finally, plaintiff testified she entered defendant's store at approximately 10:30 a. m., and from that time until the time of her fall she did not observe anyone sweeping or mopping anywhere in the store.
It is settled that a store owner has the duty to protect his customers from foreign substances on the floor by taking reasonable protective measures, including periodic inspections, to keep aisles and floors free of substances or objects which may cause customers to fall.[3] Our reading of the record in its entirety satisfies us that the defendant did not offer sufficient evidence to establish it complied with this duty, and it failed to carry the burden of proof required of it to show adequate and reasonable inspection. Consequently, defendant failed to exculpate itself from negligence.[4]
In this case it was incumbent upon plaintiff to prove there was a foreign object or substance on the floor which caused her fall. However, the particular facts, i. e., when plaintiff returned to the scene with the defendant employee, Majors, shortly after being assisted by other customers, the floor already had been mopped, plaintiff's uncontradicted testimony that Majors found a foreign substance on the floor even after the floor had been mopped, and defendant's failure to offer the testimony of Majors and possibly other employees who could have cast light on the facts, are sufficient to support the trial judge's conclusion regarding liability.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Defendant's proper name is Schwegmann Bros. Giant Supermarkets, Inc.
[2] See, for example, Horton v. Seligman and Latz, Inc., La.App., 260 So.2d 731.
[3] See Gonzales v. Winn-Dixie Louisiana, Inc., La., 326 So.2d 486.
[4] See Crockem v. Schwegmann Bros. Giant Supermarkets, La.App., 355 So.2d 1077.