333 So.2d 334 (1976)
Herman ROSENSWEIG
v.
The TRAVELERS INSURANCE COMPANY and Vista Shores Club, Inc.
No. 7143.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1976.
Rehearing Denied June 30, 1976.
*335 Parker & Parker, John E. Parker, New Orleans, for H. Alvin Strauss, plaintiff-appellant.
Russ M. Herman, Herman & Herman, New Orleans, for Herman Rosensweig, plaintiff-appellant.
Donald O. Collins of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Travelers Ins. Co. and Vista Shores Club, Inc., defendants-appellees.
Rene A. Curry, Jr., of Drury, Lozes & Curry, New Orleans, for Union Const. Co., Inc., defendant-third party defendant-appellee.
M. N. Grossel-Rossi, Leach, Grossel-Rossi & Paysse, New Orleans, for Oxford Chemical Co., defendant-appellee, and Center Chemical Co., third party defendant-appellee.
Francis G. Weller of Deutsch, Kerrigan & Stiles, New Orleans, for J. Buchanan Blitch, defendant-third party defendant-appellee.
Donald P. Schwarz, Metairie, for Nat Canovsky, defendant-appellee.
Before LEMMON, BOUTALL and BEER, JJ.
BOUTALL, Judge.
This case was consolidated for trial with Strauss v. Travelers Insurance Company, No. 7144 of our docket, La.App., 333 So.2d 339, as each has almost an identical issue of liability. The plaintiffs, Mr. Herman Rosensweig and Mr. H. Alvin Strauss, sued for personal injuries arising out of two separate slips and falls at defendant's Vista Shores Club, Inc., ballroom. Mr. Rosensweig's original petition named as defendants Vista Shores Club and Travelers Insurance Company. By supplemental and amended petition Mr. Rosensweig added nine defendants. These defendants were averred to have committed negligence in the design and construction of the club's building and also negligence in the manufacture and application of the wax used on the floor of the ballroom. The original defendants answered the supplemental and amended petition and further filed a third party demand against many of the additional defendants. The trial court gave *336 judgment for all of the defendants dismissing the plaintiffs' suit and the third party demand. Both plaintiffs have appealed.
The facts of these cases are these: The Krewe of Mecca hired the ballroom and services of the Vista Shores Club in order to have a supper dance. Among the couples invited were the Trestmans, Strauss', Rosensweigs and Wexlers. All these couples sat together at the party or in very close proximity. The ballroom of the Vista Shores Club is a large rectangular room. The layout for the party had a large horseshoe of tables at one end, a dance floor in the middle of the horseshoe and buffet tables at the other end. Beyond the buffet tables were the restrooms and the kitchen. The floor of the ballroom is made of terrazzo and is regularly waxed.
Early in the evening of the party Mrs. Trestman left the table to go to the restroom. Upon passing the buffet tables she slipped on a substance she could only describe as looking like food or gravy. On the way back from the restroom she again slipped in the same spot. Neither time did she fall down or injure herself. Becoming concerned she reported the condition of the floor to a man in a tuxedo at the buffet tables. She testified that she felt this man was an employee of Vista Shores Club because he was wearing a tuxedo while everyone else at the party was attired for a luau and because he was directing the food operations at the buffet tables. All of the services provided were by Vista Shores Club through its own employees.
Approximately one-half to one hour after Mrs. Trestman slipped, Mr. Rosensweig left the table to go to the kitchen on an errand. Upon returning from the kitchen he fell near the buffet tables in the area where Mrs. Trestman had slipped earlier. He was helped up and seated in a chair near the buffet tables. When word of Mr. Rosensweig's fall reached the table, Mr. Strauss and Dr. Wexler got up and began to hurry in the direction of the buffet tables in order to assist their friend. As they passed the buffet tables they both slipped and fell in the same area as had Mr. Rosensweig. None of the men who had fallen could say what it was that caused them to slip. They all merely testified that the area was very slippery.
Immediately following Mr. Rosensweig's fall, Mr. Cook, the manager of Vista Shores Club, was summoned from his office downstairs. Apparently by the time he reached the ballroom Mr. Strauss and Dr. Wexler had already fallen. He inspected the area around the buffet tables and found nothing on the floor except salt. He stated that salt was often put on slippery floors because of its non-skid properties. He is unaware of who put the salt on the floor or why.
Plaintiffs contend that they have set out a prima facie case and that defendants have failed to rebut the inference of fault raised by them. Defendants, on the other hand, contend that plaintiffs have failed to carry their burden of proof.
The law in this area is not without doubt. However, it is clear that a plaintiff has the burden of showing that the hazardous condition of the floor caused his fall and that the condition was caused by or attributable to the defendant, or the defendant had actual or constructive knowledge of the hazardous condition and did nothing to remedy the condition.
The trial court rendered written Reasons for Judgment and in them it explained why it found in favor of defendants and dismissed plaintiffs' suits. In summary, plaintiffs failed to show that they slipped in the same substance that Mrs. Trestman slipped in. Plaintiffs failed to show that Mrs. Trestman reported the event to a Vista Shores Club employee.[1] The evidence *337 does not support the proposition that Vista Shores Club employees were aware of any substance on the floor before the falls. Plaintiffs could not identify the substance they slipped in.[2] There was no eyewitness to either of the falls except Dr. Wexler.[3] Mr. Cook received no notice of a slippery condition until after both falls had occurred.
We believe the trial court to have committed error in the application of the law to the facts.
First, the trial court stated that it could not impose the same duty of care upon Vista Shores Club as is commonly imposed upon supermarkets. While it is true that the circumstances surrounding such a duty will be different, the duty remains the same. The duty imposed upon the owners of a country club holding a supper dance is the same general duty imposed upon the owners of any premises having business invitees. This duty is to use reasonable care to protect the invitees against every hazard which creates an unreasonable risk of harm. Prosser, Law of Torts, 3d Ed. §§ 401-405. This would include country clubs as well as supermarkets. As the Supreme Court recently said, "This duty includes a reasonable effort to keep objects off of the floor which might give rise to a slip and fall." Kavlich v. Kramer, 315 So.2d 282 (S.Ct.1975).
Under the present jurisprudence a plaintiff is required to establish a prima facie case of negligence on the part of the defendant, after which the burden is on the defendant to go forward with evidence to rebut this inference of negligence. The trial judge weighs the circumstantial evidence at the conclusion of the trial and determines whether the defendant's negligence is the most plausible explanation for the injury. Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486 (S.Ct.1976). We hold that plaintiffs have established their inference of negligence and defendants have failed to rebut it.
Plaintiffs have shown that four people, including themselves, had slipped in the same spot. There was a time lapse of between one-half to one hour between the first slip and the last. The first slip was reported to a person of authority at the buffet table, most probably an employee of defendant, Vista Shores Club.[4] The area where the slips occurred is very close (between one and two feet) to the buffet tables. Part of defendants' duty would include supervising this area, especially so when patrons are handling food items.
At the time of the latter three slips there was no discernible substance on the floor. However, it remains a fact that the floor was very slippery in the very spot that the foreign substance was first reported. The trial court found that the plaintiffs could not identify the substance in which they slipped and in fact there was no evidence that any substance ever existed. The trial *338 court is correct that plaintiffs need not identify the substance with any great accuracy, and it is true that there was no discernible substance on the floor. However, what is also true is that this area, described as a two foot square, was very slippery; more slippery than any other part of the floor. We will not speculate as to what the substance was, we simply find that a two foot square, very slippery area on a ballroom floor is an unreasonable hazard. The causal link between defendants and the slippery area is the unrefuted testimony of Mrs. Trestman that she had earlier slipped in this same spot and reported the incident.
Taking all of the above circumstances into account we hold that plaintiffs have set out a prima facie case of negligence on the part of defendants.
Defendants have failed to rebut the inference of negligence raised by plaintiffs. Defendants offered no witnesses at the trial and only introduced the deposition of Robert Cook, the manager of the club. Defendants relied upon the supposition that plaintiffs could not carry their burden of proof. As such there is no testimony as to clean-up procedures during buffet supper dances. The only pertinent testimony offered by Mr. Cook was that the floor was waxed about monthly and cleaned only when dirty. He did admit that the floor became slippery when wet and that when he arrived at the scene of the accidents someone had spread salt on the floor to stop further slipping.
We hold that had the defendant, Vista Shores Club exercised reasonable care under the circumstances these two accidents would not have occurred. Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486 (S.Ct.1976). Accordingly we find Vista Shores and its insurer to be liable for plaintiffs' damages.
The trial court correctly pointed out that there was no evidence adduced at the trial that would even suggest negligence on the part of any defendant other than Vista Shores Club. Accordingly, we affirm that part of the judgment dismissing the plaintiffs' claims against all defendants except Vista Shores Club and Travelers Insurance Company. We further affirm the dismissal of the third party demand by Vista Shores Club and Travelers Insurance Company.

MR. ROSENSWEIG'S DAMAGES
Having disposed of the issues of liability, we now pass to a consideration of the damages involved. As a result of the fall Mr. Rosensweig was taken to the emergency room at Touro Infirmary for examination and treatment. It was determined that he suffered a comminuted fracture through the surgical neck of the humerus and sustained a tear of his tendons in the shoulder area. His injuries were very painful and he was required to take codeine, and then Percodan for relief of the pain. His arm was immobilized by a Velpeau bandage. He was treated by Dr. Russell C. Grunsten, an orthopedic surgeon, from the date of his injury to November 8, when he was discharged. Dr. Grunsten reported that he still has a 10 to 15% permanent disability as far as his right upper extremity is concerned and that he has developed a tendonitis or bursitis causing painful flareups on occasions. It was explained that Mr. Rosensweig, who was 64 years old at the time of the accident, will continue to experience these episodes from time to time throughout the rest of his life. For his injuries, pain and suffering, we consider an award of $10,000 to be reasonable.
Additionally, there was introduced into evidence medical expenses in the sum of $572.87 which we hold to be recoverable by Mr. Rosensweig. The evidence further discloses Mr. Rosensweig's injury prevented almost any work activity except brief supervisory activity from July 24, 1971 until September 2, 1971. The shoulder sling was not removed until September 16, 1971 and he continued to receive physiotherapy treatments two or three times a week up *339 until October. He offered a preponderance of evidence to show that during this period he suffered a loss of earnings which we compute to be the sum of $3,853.40, based upon his expected profit from loss of gross income during that period. He is entitled to recover this sum.
For the foregoing reasons, we affirm the judgment of the trial court except that portion thereof rendered in favor of defendants, Vista Shores Club, Inc. and The Travelers Insurance Company against Herman Rosensweig, which we now set aside and reverse. We render judgment in favor of plaintiff, Herman Rosensweig, and against defendants, Vista Shores Club, Inc. and The Travelers Insurance Company, in solido, in the sum of $14,426.27, together with interest from date of judicial demand until paid and for all costs of these proceedings.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] The man in the tuxedo was apparently Santos Sanabria, the head waiter at Vista Shores Club at that time. At the time of trial he was living in Hattiesburg, Mississippi and unavailable to plaintiffs and defendants for the trial or a deposition.
[2] The trial court noted that it is not required for a plaintiff to identify the hazardous substance with great accuracy. However, the court felt plaintiffs failed to show that a hazardous substance or condition even existed.
[3] There is a good deal of conjecture about whether Santos Sanabria observed one, both or neither of the falls. Mr. Sanabria did not testify, (see footnote 1.)
[4] The defendants and the trial court both stress that there is no evidence that the first slip by Mrs. Trestman was reported to an employee of the Vista Shores Club. This seems to be grounded mainly on the unavailability of Santos Sanabria, the head waiter at the club. We note that the trial court made no finding as to the credibility of Mrs. Trestman, her testimony stands unrefuted. Mrs. Trestman testified that she reported her slips to a man dressed differently than all the other people at the dance, a man directing the food operations by the Vista Shores employees at the buffet table. Defendants have brought forth no evidence to rebut this testimony. Therefore, it appears to this court more probable than not that the person informed of the substance on the floor, where later plaintiffs injured themselves, was a Vista Shores Club employee.