402 So.2d 688 (1981)
Vera Jenkins MILLER and Ivy Lea Miller
v.
Ralph SMITH, d/b/a Skinneys and Aetna Casualty and Surety Company.
No. 81-C-0079.
Supreme Court of Louisiana.
July 2, 1981.
Dissenting Opinion August 21, 1981.
Rehearing Denied September 18, 1981.
David W. Robinson, Due, Dodson, deGravelles, Robinson & Caskey, Baton Rouge, for plaintiffs-applicants.
Iddo Pittman, Jr., Pittman & Matheny, Hammond, for defendants-respondents.
DIXON, Chief Justice.
Plaintiffs were granted judgment in the trial court for personal injuries suffered by Mrs. Miller when she slipped and fell on the dance floor at defendant's restaurant and lounge. The Court of Appeal reversed. Miller v. Smith, 391 So.2d 1263 (La.App. 1st Cir. 1980). We affirm the judgment of the Court of Appeal.
Our attention was attracted to the case because the Court of Appeal noted that the reasons for judgment assigned by the trial judge were actually prepared by plaintiffs' lawyer a practice sometimes employed by busy trial judges.
The trial judge found that wax for the dance floor was not applied "in a safe manner" and was accumulated in a "dangerous excessive quantity" in the area where Mrs. Miller fell.
The evidence was properly analyzed in the Court of Appeal opinion. Mrs. Miller saw the bartender apply the wax just before the music started, but neither she nor any other person noted the manner of application on that evening. The cause of Mrs. Miller's fall is not clearly established. She and her husband danced the first number and completed it in spite of noticing that it was "unusually slippery." Returning to their table, Mr. Miller attempted to alert Mrs. Miller to a shadow on the floor which he suspected was wax; she noted a "shadow of something a little dark," but not in time to prevent her falling.
There was, however, no other evidence of any foreign substance,[1] wax or otherwise, *689 on the floor where Mrs. Miller fell. There was testimony from other witnesses that the dance floor was slick on the night of the fall, but the dancing continued into the night with no complaints from the dancers that the floor was too slippery.
Not only does the proof fall short of establishing that Mrs. Miller fell because of some foreign substance on the floor, but it is also short of establishing that the floor was defective or dangerously slippery. Dance floors need to be smooth, and perhaps even "slippery" enough for shoes to slide easily on the floor; but the record does not establish that this floor was unreasonably slick for the purpose for which it was designed and used.
The judgment of the Court of Appeal is affirmed at relators' cost.
DENNIS, J., dissents with reasons.
LEMMON, J., dissents and will assign reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
It is difficult to understand the majority's conclusion that the proof fell short of establishing that Mrs. Miller fell because of some foreign substance on the floor. Mr. and Mrs. Miller testified they saw "something a little dark" on the floor where she slipped. Mrs. Miller said her foot went out from under her when she stepped on it. The Millers and other witnesses testified the floor was unusually slippery or slick. There was evidence that the bartender had a habit of applying the wax unevenly and sloppily. In fact, there does not appear to be any evidence that Mrs. Miller's fall was caused by anything other than a foreign substance on the floor. The trial court's finding of fact should not be overturned or the plaintiff penalized because the facts of this case cannot be color matched with previous cases.
LEMMON, Justice, dissenting.
We granted plaintiffs' application for certiorari because the court of appeal reversed a factual decision of the trial court, holding that the trial court's findings were not entitled to any weight because the trial court improperly allowed plaintiffs' counsel to prepare his reasons for judgment. We now affirm the court of appeal on the basis that the record does not support a finding that an excessively slippery floor caused plaintiff wife's fall.
As to the weight to be accorded to the reasons for judgment, a trial judge may properly direct counsel to prepare proposed findings of fact and conclusions of law. The preferable course is to request proposed findings from both sides, either prior to trial or at the conclusion of the evidence. However, if the judge designates the prevailing party at the conclusion of the trial, he may properly direct that party to prepare proposed findings, as long as the judge allows opposing counsel an opportunity to refute the proposed findings and then edits and modifies the proposed findings to accord with his own factual determination.[1]
In the present case the trial judge, in a per curiam filed in the court of appeal, stated that he directed counsel to prepare proposed findings, reviewed and modified the proposal, and then rendered the reasons as his own. While the trial judge should have included opposing counsel in the process, the court of appeal was incorrect to disregard totally the trial court's decision on the merits, thereby putting the plaintiffs in a worse position than if the trial judge had simply rendered judgment without assigning reasons. Therefore, even if the trial judge's written reasons are struck for the *690 record, the applicable standard of review is to view the evidence in the light most favorable to the prevailing party.
The evidence in this record, reviewed in the light most favorable to the prevailing party, supports the trial court's judgment. Dominick Sassoon, defendant's employee, had spread the wax on the floor, but died prior to trial and did not testify. Wilhemina Raley, another employee, testified without contradiction that Sassoon usually dumped large amounts of dance wax in particular areas rather than following the proper procedure of distributing the wax evenly over the entire dance floor.
Plaintiff husband testified that the spot where his wife slipped was "real slippery". Two other patrons testified that the dance floor was "slicker (than usual)", that "it was really slippery, it was too much wax", and that it was "pretty slippery, because I made a comment about it". There was no other suggested explanation for the fall.
I would reinstate the judgment of the trial court on liability and remand to the court of appeal to review the award of damages.
NOTES
[1] Earlier Court of Appeal cases involving falls on dance floors indicate that plaintiffs have recovered where they demonstrated the presence of a foreign substance on the floor, and testimony revealed that the substance's presence was reported to an employee of defendant before plaintiff slipped. See Rosensweig v. The Travelers Insurance Co., 333 So.2d 334 (La. App. 4th Cir. 1976) and Roberts v. Courville, 162 So.2d 750 (La.App. 1st Cir. 1964). On the other hand, a plaintiff who alleged that a dance floor was dangerously slippery was denied recovery where a court found that the defendant kept the floors in reasonably safe condition and was not told that the floor was excessively waxed. See Champagne v. Harahan Lions Club, Inc., 243 So.2d 292 (La.App. 4th Cir. 1971).
[1] It is even acceptable for the trial judge to adopt the statement of facts supplied by counsel in written brief (if the brief was served on opposing counsel). The main point is that the findings of fact (no matter by whom the findings are prepared) represent the conclusions of the trial judge.