JiPER CURIAM.
The trial court’s order, requiring Patrick Martin, V, to submit to a deposition by RCS Gaming, Inc., does not constitute an abuse of discretion.
The issue presented in this writ is basically a dispute over discovery proceedings. Generally, this court will not consider such issues under our supervisory jurisdiction. See Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). However, because we have recently addressed a number of cases similar to this one, wherein allegations of ex parte communications rising to the level of due process violations have been made, we choose to address the issue raised herein.

Background

RCS Gaming, Inc. (RCS) is the plaintiff in a civil case seeking injunctive and declaratory relief against the Louisiana Gaming Control Board. RCS’s president, Sammy Mijal-is, was one of several defendants in a 1996 criminal prosecution wherein they were charged with lying on applications for video poker licenses. Patrick Martin, V, was the prosecuting attorney in the criminal trial. At the trial level, the defendants were ultimately found not guilty.
On October 3,1997, criminal defense counsel filed a motion and order for return of property seized during the criminal investi *1123 gation. On October 4, 1997, the trial court granted the motion and signed the order. Prior to compliance with the trial court’s order, on October 8, 1997, Hillary Crain, Chairman of the Louisiana Gaming Control Board (Board), issued a subpoena duces te-cum ordering that the same evidence be turned over to the Board. The evidence was turned over to the Board.
RCS was subsequently informed that the Board intended to deny its application for renewal of its video gaming license. Thereafter, RCS filed its suit for injunctive and declaratory relief against the Board. One of RCS’s allegations is that its rights were violated by the actions of the Board in obtaining evidence from the District Attorney’s office when the district court had already ordered that the evidence be returned to Mr. Mijalis.
In conjunction with its suit, RCS filed a motion seeking permission to subpoena Mr. Martin for a deposition. RCS contended that Mr. Martin’s deposition was necessary to determine what role he played in the Board’s interference with the district court’s order to return the seized evidence to RCS. The district court granted the motion, limiting the scope of the deposition to ^“questions involving evidence which was released and conversations with any employees of the Gaming Control Board.”
Mr. Martin thereafter filed this writ, in proper person, seeking reversal of the district court’s order requiring that he submit to the deposition.

Ex Parte Communications

Apparently, RCS believes that Mr. Martin has engaged in ex parte communications with attorneys representing the Board. The issue is whether or not communications between a law enforcement agency and a state regulatory body are so egregious as to interfere with the regulatory body’s role as an impartial and disinterested decision maker in the context of a licensing dispute, so as to constitute a due process violation.
Allegations of ex parte communications are generally matters which address the ethics of lawyers, judges, or other decision makers. Ex parte communications do not generally affect the outcome of ongoing proceedings unless the prohibited communications are of such a serious nature as to negatively impact a party’s due process rights to an impartial magistrate. Such was the case in Georgia Gulf Corporation v. Board of Ethics for Public Employees, 96-1907 (La. 5/9/97), 694 So.2d 173 (Commission on Ethics for Public Employees violated former employee’s due process rights by using person appointed to act as Commission’s prosecutor and as counsel to prepare Commission’s opinion.) and Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 (La.1989) (Accused party before Board of Dentistry was denied due process rights because prosecutor before the administrative board also drafted the findings of fact and conclusions for the administrative board.)
It is difficult to see how cónversations between Mr. Martin, as a representative of the District Attorney’s Office,- and attorneys representing the Board, the factfinder in RCS’s licensing proceeding, equate to the egregious conduct which occurred in the Georgia Gulf and Allen cases. Moreover, when faced with what appeared to be a serious ex parte violation, the Supreme Court found no constitutional violation and further found no effect whatsoever on the outcome of the case. Miller v. Smith, 402 So.2d 688 (La.1981). In this court’s treatment of the same case, the only ramification of the ex parte violation was a disregard for the trial court’s written reasons for judgment. Miller v. Smith, 391 So.2d 1263 (La.App. 1st Cir.1980).
Therefore, although we agree with the district court’s order that Mr. Martin must submit to the deposition by RCS, it would seem that the scope of the deposition should be narrowly ^limited to inquiries which would lay a foundation for a due process violation. We do not, by this language, pre-judge a constitutional issue from a silent record; we only try to give focus to the range of relevant inquiry as determined by the trial court.
For the foregoing reasons, the writ application is denied.
WRIT DENIED; STAY RECALLED.