Dear Ms. Theall:
We are in receipt of your request for an Attorney General's opinion regarding voter registration, which states:
 When a person who has not been born in the United States appears at the Registrar's office to registrar to vote, he is asked for proof of citizenship. However, the Registrar's office is receiving mail registration forms (Form 04 and 03) from the Department of Motor Vehicles which do not include proof of citizenship for persons who were not born in the United States. DMV advises that they do not require proof of citizenship to process a license. Therefore, should the Registrar's office request proof of citizenship in this case, prior to registering the person?
LSA-R.S. 18:105 provides, in part:
 A. Except as otherwise provided by the laws governing absentee registration and mail registration, each applicant shall establish his identity, age, and residency. The registrar or any person authorized to accept voter registration applications shall require the applicant to submit his current Louisiana driver's license, if he has one, or his birth certificate, or other documentation which reasonably and sufficiently establishes the applicant's identity, age and residency.
 B. (1) In addition to the proof otherwise required by this Section, an applicant of foreign birth who has been naturalized shall prove that he has been legally naturalized under the laws of the United States.
 (2) If he has never previously registered in the parish or is not at the time of the application registered in any other parish in the state, he shall present to the registrar either a certificate of naturalization under the seal of the court in which the naturalization took place, attested by the clerk of that court, or his current United States passport.
 (3) If he claims to be a naturalized citizen by reason of the naturalization of a parent and he has not been registered previously in the parish or is not at the time of application registered in any other parish in the state, he shall present to the registrar either the certificate of naturalization of the parent attested by the clerk of the court in which the naturalization took place or his current United States passport.
 C. In addition to the proof otherwise required by this Section, a person who claims to be a citizen of the United States other than by birth or naturalization shall prove
such citizenship. If he has never previously registered in the parish or is not at the time of application registered in any other parish in the state, he shall present to the registrar his certificate of citizenship, certificate of repatriation issued under the laws of the United States, or his current United States passport. (Emphasis added).
Under Section 114 of the Election Code, Title 18, registration is afforded at driver's license facilities. The law merely requires the "[a]pplicant to submit his current Louisiana driver's license, if he has one, or his birth certificate, or other documentation which reasonably and sufficiently establishes the applicant's identity, age and residency." R.S. 18:114(F)(3). Additionally, the applicant shall be informed that "[h]e will not be officially registered to vote until the application is received and approved by the registrar of voters." R.S. 18:114(F)(7). "If the information contained on the application form is insufficient to register the applicant, the registrar of voters shall mail a notice to the applicant at the address provided on the application form informing the applicant that he has ten days from the date on which the notice was mailed to provide the necessary information. If the applicant fails to provide the necessary information within that time, the applicant shall not be registered and the registrar shall so advise the applicant." R.S. 18:114(F)(8).
When two statutes deal with the same subject matter, they should first be harmonized, if possible. Theriot v. Midland RiskInsurance Company, 694 So.2d 184 (La. 1997); Morris v. East BatonRouge Parish School Board, 653 So.2d 4 (La.App. 1 Cir. 1995). In determining the applicability of laws, the more specific governs over the more general. RCS Gaming v. State Through Gaming Board,705 So.2d 1122 (La.App. 1 Cir. 1997). It is our opinion that these two statutes, R.S. 18:105 and 114 deal with the same subject matter, i.e., registration of voters, and can be harmonized and read together, with the more specific statute (R.S. 18:105) governing in this particular matter.
In sum, the law mandates that an applicant establish his identity, age and residency when registering to vote at a registrar of voter's office. Additionally, the law mandates that an applicant of foreign birth who has been naturalized prove that he has been legally naturalized. This proof may consist of either a certificate of naturalization under the seal of the court in which the naturalization took place, or his current United States passport. If the applicant claims to be a naturalized citizen by reason of the naturalization of a parent, proof may consist of either the certificate of naturalization of the parent or the applicant's current United States passport. If the applicant claims to be a citizen other than by birth or naturalization, again, the law requires the applicant to prove his citizenship; such proof may consist of the applicant's certificate of citizenship, certificate of repatriation, or his current United States passport.
With regard to the applicant who claims to be a citizen by birth, but may have been born in a foreign country, we addressed this matter in Attorney General Opinion No. 80-1385, as follows:
 Section 105(C) places an affirmative duty on those individuals who claim United States citizenship (other than by birth or naturalization) to prove such citizenship. Thus, it becomes necessary to determine whether a person of foreign birth, claiming citizenship through his parents who are United States citizens, becomes a citizen `other than by birth or naturalization'. If so, then this individual is under a legal duty to prove his citizenship.
 Under the applicable federal statutes, it is clear that such an individual is considered a United States citizen upon his birth. 8 U.S.C. § 1401(D) states, in pertinent part:
 The following shall be nationals and citizens of the United States at birth:
 . . .
 (C) a person born outside of the United States, and its outlying possessions of parents both of whom are citizens of the United States . . .
 Furthermore, under regulations established by the United States Department of Immigration and Naturalization, it is apparent that an individual of foreign birth, claiming United States citizenship due to the fact that both parents are native-born citizens, is considered a citizen upon birth. The certificate of citizenship is nothing more than proof of that individual's citizenship; it is not a pre-requisite to achieving citizenship.
 From the foregoing, it is clear that Section 105(C) places no affirmative duty upon such an individual [one born in a foreign country to parents who are U.S. citizens] to prove his citizenship in order to register to vote. However, this provision is not to be viewed as a limitation on the powers of the registrar and, therefore, it does not prevent the registrar from requiring that such person prove his citizenship, should the registrar see fit to do so.
Thus, when a person appears at a driver's license office and chooses to register to vote and his application is submitted to the registrar's office with information that the applicant is of foreign birth, it is our opinion that the registrar has reason to believe that the information on the application is insufficient, since neither DMV nor section 114 requires proof of citizenship [even for the individual born in a foreign country to U.S. citizens]. At that point, the registrar is mandated to mail a notice to the applicant to provide the information required by R.S. 18:105 or he will not be registered. Upon reasonable and sufficient proof of the applicant's identity, age and residency [which includes citizenship], the registrar may register the applicant to vote.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL
Cc: Hon. W. Fox McKeithen Hon. Suzanne H. Terrell
Theresa Theall Chief Deputy, Registrar of Voters Parish of Vermilion 100 N. State Street, #120 Abbeville, La 70510
DATE RECEIVED: JANUARY 28, 2000 DATE RELEASED: March 15, 2000
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL